MEYER ET AL., APPELLEES, *v.* DUTRO, APPELLANT; JAMES ET AL., APPELLEES.

(No. 8159—Decided November 19, 1956.)

Mr. J. Marc Trabert, for plaintiff-appellees.
Mr. Ewing O. Cassaboom, for defendant-appellant.
Mr. Augustus Beall III, for defendant-appellees.

Ross, P. J.    This is an appeal on questions of law from a judgment of the Municipal Court of Cincinnati.

The parties to the action are John and Irene Meyer, plaintiff-appellees, who will hereinafter be designated buyers; Jesse and Irene James, defendant-appellees, who will hereinafter be designated sellers; Gilbert Dutro, defendant-appellant, who will hereinafter be designated agent, although his employee, Herschel Brewer, was mainly concerned in the transaction involved in the instant case, and the term, agent, will also include him.

The action was initiated by the buyers to recover a down payment given to the agent, which payment was retained by him even after the contract of sale of the real estate was rescinded, and which is now in his possession.

A cross-petition was filed by the agent to recover $445, with interest, his real estate commission from the sellers, who were made parties to the action.

Upon trial to the court without a jury, the court granted judgment for the buyers for the return of the earnest money paid by them to the agent, and dismissed the cross-petition of the agent. A motion for new trial was filed only by the agent.

In the second amended petition of the buyers it is alleged that the agent was employed by the sellers to secure a purchaser for certain real estate; that on May 1, 1952, the buyer gave the agent $500 as earnest money and signed a contract for the purchase of the real estate. A copy of the contract of sale, signed by the sellers and buyers, is attached to the pleading as an exhibit. It is alleged further that the sale was not consummated because the sellers breached such contract of sale and refused to include "all the furniture then located in the premises" purchased, which the buyers "were led to believe belonged to said sellers."

The prayer is for the return of the earnest money.

There is no allegation in this pleading indicating who led the buyers to believe the furniture belonged to the sellers.

In the contract of sale, signed by the sellers and buyers and dated May 1, 1952, it is stated that the offer includes "all improvements, same being a three family residence," and it is stated that "this offer is to include all furniture belonging to present owners, including all fixtures belonging to the present owners except the following: No exceptions."

In the answer of the agent to the second amended petition it is alleged that the agent admits the receipt of the $500; that such earnest money was to be retained until the sale was consummated; that the buyers have failed to comply with the terms of the contract; and that the buyers are not entitled to the return of such earnest money. Otherwise, the answer is a general denial.

The agent also filed a separate cross-petition against the sellers, setting out as an exhibit the contract of employment with the sellers, dated February 27, 1952, whereby he was entitled to a commission for the sale of the premises. In such pleading, the agent alleges that a contract of sale was duly executed between the sellers and the buyers, an offer to purchase having been made May 2, 1952, which offer was accepted on the same day by the seller; that within sixty days the buyers notified the agent that they refused to consummate the transaction; that by said refusal the buyers are not entitled to a return of the earnest money since the contract of sale provided that the agent could retain the same until the contract of sale was consummated.

Judgment is prayed for against the sellers in the sum of $445 and interest, and the agent further prays that he may be allowed to retain such earnest money.

In addition to the exhibit attached to the pleading, which is a copy of the contract of employment, the agent attached to the cross-petition as an exhibit a copy of the contract of sale signed by the buyers and sellers.

In the latter exhibit it is stated that the buyers offer to purchase the real estate involved "and all the improvements, same being a three family residence," and that "this offer is to include all furniture belonging to present owners, including all fixtures belonging to present owners except the following: No exceptions."

An answer was filed by the buyers, which is a general denial.

An answer was filed by the sellers in which it is admitted, as hereinbefore stated, that the sellers owed the agent $445, and all other allegations of the cross-petition of the agent are denied.

The sellers filed an answer to the second amended petition and a cross-petition against the buyers. In the answer, the sellers admit the execution of the contract of sale, the receipt by their agent of $500 earnest money, and deny all other allegations.

By way of cross-petition, the sellers adopt admissions of the answer and allege that they were always ready, willing, and able to perform such contract; that the buyers refused to consummate the contract; that the sellers sold the property at a loss of $1,000; that there is now due and owing the agent, as his commission, the sum of $445. The prayer was for recovery of the $1,000 and $445, the agent's commission, a total of $1,445, with interest.

An answer and cross-petition was filed by the buyers in reply to the cross-petition of the sellers, which is a general denial.

Trial was had to the court without a jury on May 4, 1956, a day or two just after four years from the time of the incidents involved in this case. This lapse of time is reflected in the character of the testimony of the witnesses, whose memory was at fault. The evidence presents a jumble of contradictions in the testimony of the parties.

The claim of the buyers is that the evidence shows that the agent was advised by the sellers at the time of the employment and before the contract of sale was executed that the sellers did not own certain items of furniture located on the premises, that the agent did not communicate this fact to the buyers, who discovered it shortly after executing the contract of sale and they promptly notified the agent of their refusal to consummate the sale, and that, therefore, the buyers are entitled to a return of the earnest money in the hands of the agent.

The sellers deny the evidence is to this effect and that the evidence sustains the claims of the buyers, but on the contrary,

shows that the buyers, without cause, refused to perform their contract.

It is the claim of both the sellers and the agent that the evidence shows the agent is entitled to his commission from the sellers. There can be no question in view of the pleadings that the agent is entitled to judgment against the sellers. No motions were made by any of the parties for judgment as a matter of law, either before or after judgment. The rule is generally that in the absence of such motions, final judgment will not be rendered in this court. However, where the pleadings and evidence all unequivocally show that a party is entitled to judgment, especially where this right is admitted in a pleading, the party in whose favor such admissions are made must be considered to be entitled to judgment which the trial court should have rendered, and, therefore, judgment is awarded the agent against the sellers for the sum of $445, without interest, but with his costs.

As to the claim of the buyers for a return of the earnest money, a reading of the evidence leaves only the consideration that the finder of facts would be completely unable to reach any reasonable conclusion favorable to the buyers.

Such being the case, the judgment in their favor must be reversed and the cause remanded for a new trial. The sellers filed no motion for new trial or appeal. Hence, the judgment of the trial court dismissing their cross-petition is affirmed.

In short, the final conclusion from these holdings is that the agent is entitled to final judgment for his commission against the sellers, that he continues to hold the earnest money pending a decision in a new trial between the buyers and the agent in which will be determined only the rights of the buyers to such earnest money. If the agent is successful in such new trial between the buyers and the agent, he will be entitled to retain the $445 out of such earnest money, holding the balance of the $500 subject to the demand of the sellers.

*Judgment accordingly.*

HILDEBRANT and MATTHEWS, JJ., concur.